J. T. REDMAN v. W. TURNER, Adm'r., et al.

An Administrator will not be allowed to retain out of the assets of his intestate, a note payable to him as guardian where his intestate is surety, when he has paid over to the principal of said note, who was insolvent, a claim on his intestate for a sum more than sufficient to have paid off and discharged the indebtedness of the principal.

DEBT tried before *Mitchell, J.,* at Spring Term, 1871, of Iredell Superior Court.

The defendant relied upon the plea of fully administered and no assets, Retainer. It was referred to the clerk to take an account of the administration of the estate of intestate in the hands of the defendant.

It appeared from the report of the clerk, that the defendant filed a petition for an account and settlement against the next of kin of his intestate at August Term, 1863, of the County Court of Iredell, and that said account was taken in November 1863, and confirmed at November Term, of said Court ; That at said time he paid over to the next of kin of his intestate, $4657.13 cents in Confederate currency without taking from them refunding bonds ; (having delivered over to the next of kin a number of negroes in 1861, when he took refunding bonds for the same.) In 1867, defendant filed a petition to sell the lands of his intestate, to make the proceeds, assets for the payment of debts, alleging in his said petition that his intestate still owed about $1500, without stating to whom owing. This land was sold and the proceeds thereof applied to other, than the plaintiff's claim.

When the account was taken before the Clerk, the defendant produced a note on R. L. Wilson, with his intestate as security, for $545, principal, payable to defendant as guardian, which defendant insisted he should be allowed to retain out of the assets of his intestate. It appeared from said report that

R. L. Wilson, had been insolvent since 1860. Amongst the vouchers produced and allowed to defendant, was a receipt from the said R. L. Wilson, for an amount more than sufficient to have paid off the note which defendant held on the said Wil-son, as guardian, and said receipt was given several years after the insolvency of Wilson. The Clerk allowed the defendant's note against Wilson, and his intestate as a voucher. The plaintiff filed several exceptions to the report of the Clerk, none of which are necessary to notice in this case except the one numbered in said exceptions as the "fifth," which was in allowing defendant to retain the said Wilson claim out of the assets of his intestate. His Honor sustained said fifth excep-tion, and rendered judgment for amount of plaintiff's claim, from which defendant appealed.

*W. P. Caldwell* and *Blackmer & McCorkle*, for plaintiff. *Armfield*, for defendant.

READE, J. We think his Honor was right in sustaining the 5th exception, and that makes it unnecessary that we should consider the other exceptions, because the 5th exception fixes the defendant with sufficient funds to satisfy the plaintiff's demand.

In regard to the 5th exception, the facts are that the defend-ant claims to retain the amount of a note due him by his intes-tate as surety for one Wilson, who was alleged to be insolvent. But then the defendant claims that his intestate was indebted to said Wilson in a sum larger than the note, and that he paid Wilson out of the funds of the estate, and took a credit there-for. And the question arises—Why did the defendant pay Wilson when Wilson owed him the note aforesaid? Why did he not set off the note he had on Wilson instead of paying Wilson his claim against the intestate, and then leaving the note to fall upon Wilson's surety, who was the defendant's

intestate? No reason or explanation is given, and we think the defendant ought not to be allowed to retain the amount out of the estate of the intestate.

PER CURIAM.

Judgment affirmed, and judgment herefor plaintiff,